[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON DEFENDANTS' SALEM, INC. AND GENERAL MOTORS CORPORATION MOTIONS FOR SUMMARY JUDGMENT
On or about February 15, 1995, Jennifer Held was involved in a motor vehicle accident in which she sustained severe injuries. On May 4, 1998, the plaintiff, Gerald J. Kristofak (Kristofak), conservator of the estate of Jennifer Held, filed a four-count revised complaint. In the complaint, Kristofak alleges that the accident was caused by a defective and unreasonable braking system in Held's 1994 Chevrolet Cavalier. He asserts that General Motors Corp. (GM) manufactured the automobile and that the defendant, Salem, Inc. (Salem) sold the automobile. In count one, Kristofak asserts a product liability claim pursuant to General Statutes § 52-572m et seq. against GM. In count two, Kristofak asserts a product liability claim pursuant to General Statutes §52-572m et seq. against Salem.
GM and Salem separately move for summary judgment arguing that there is no genuine issue of material fact as to whether the braking system on the 1994 Cavalier was defective.
In opposition to the defendants' claims Kristofak argues that whether a product is unreasonably dangerous or defective is a question of fact to be determined by a jury, and is therefore inappropriate to decide by way of summary judgment. Additionally, Kristofak argues that establishing a dangerous condition may be done through circumstantial evidence and that he has adduced sufficient circumstantial evidence to support the inference that a defect existed.
"In a products liability action, the plaintiff must plead and prove that the product was defective and that the defect was the proximate cause of the plaintiff's injuries." Haesche v. Kisser, 229 Conn. 213,218, 640 A.2d 89 (1994). "Where there is evidence to support the plaintiff's cause of action, it must be submitted to the jury for CT Page 13025 consideration, and its sufficiency is a question for the jury to decide. . . . [I]t has been held that a product may be shown to be defective where it fails to perform reasonably, adequately, and safely in its normal anticipated or specified use, and unreasonably dangerous to the plaintiff. In this connection circumstantial evidence is admissible to prove the product defective when it left the manufacturer's hands; but the plaintiff, in proving the defect, is not required to eliminate with certainty all possible causes of the accident. It is sufficient if the evidence, reasonably eliminates improper handling or misuse of the product by others than the manufacturer, permitting the inference that, more probably than not, the product was defective." Woods v. GeneralMotors Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 92 516326 (Jan. 26, 1996, Wagner, J.).
The evidence before this court shows that Held purchased the vehicle on or about March 16, 1994. (Plaintiff's memorandum, exhibit A). Kristofak alleges that the brakes on Held's vehicle never operated properly and submits work orders dated as early as March 28, 1994, evidencing that Held requested Salem to check the brake operation. (Plaintiff's memorandum, exhibit B). Held returned to Salem complaining that the brakes were not operating properly four additional times before the February 15, 1995 accident, the last time on January 12, 1995. (Plaintiff's memorandum, exhibits C, D, E F). During one of these visits, on November 29, 1994, Salem replaced the rear shoes and drums. (Plaintiff's memorandum, exhibit E). It is undisputed that the accident occurred at approximately 11:00 p.m. on February 15, 1995 on Jeremy Swamp Road in Southbury, Connecticut. The deposition of Jason Ambrogio states that on the night of the accident there was freezing rain and the roads were slippery. (GM's memorandum, exhibit B, pg. 102). There is evidence that Held was operating her vehicle normally minutes before the accident. (GM's memorandum, Exhibit A, pg. 56, lines 24-5; pg. 57, lines 1-5). The deposition of expert Michael Cei states that Held was driving at or below the speed limit at the time of the accident (GM's memorandum, Exhibit C, pg. 119, lines 14-17), that a defect in the left rear brake rendered the brake uncooperative (GM's memorandum, Exhibit C, pg. 69, lines 3-25) and that it is unclear as to whether this defect existed at the time the vehicle left the factory or whether it was created by the service performed on Held's vehicle. (GM's memorandum, Exhibit C, pg. 70, lines 2-25; pg. 71, lines 1-17)
Viewing the allegations in the light most favorable to Kristofak, the court finds that genuine issues of material fact do exist as to whether the vehicle's braking system was defective and whether the defect was the proximate cause of Held's injuries. While it is true that plaintiff's expert is equivocal as to the nature and cause of the defect, if any, CT Page 13026 genuine issues of material fact exist as to whether the alleged defect was present when the vehicle left GM or whether it was the result of Salem incorrectly replacing the shoes and drums. The plaintiff's affidavits and exhibits demonstrating that there were repeated complaints and service appointments to correct a braking problem is sufficient to create this disputed issue of fact. Therefore, both GM's and Salem's motions for summary judgment as to count one and count two of the complaint are denied
SO ORDERED.
___________________, J. HOLZBERG CT Page 13027